UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, AND ANNUITY FUNDS and THE TRUSTEES OF THE LOCAL 1010 APPRENTICESHIP, SKILL IMPROVEMENT, AND TRAINING FUND,<br><br>                                      Plaintiffs,<br><br>-against-<br><br>TOROS BROTHERS CONSTRUCTION CORP.,<br><br>                                      Defendant. | 24 CV 00537 (FB)(MMH) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
<u>AGAINST DEFENDANT TOROS BROTHERS CONSTRUCTION CORP.</u>**

Adrianna R. Grancio, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, NY 10004
agrancio@vandallp.com
*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

Page

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF FACTS** ........................................................................................................ 2

    A.    Toros Brothers' Obligations to the Funds ................................................................ 2

    B.    Toros Brothers' Delinquency Owed to the Funds .................................................. 4

    C.    The Funds' Instant Action Against Defendant Toros Brothers ............................... 5

**ARGUMENT** .............................................................................................................................. 5

    A.    **Plaintiffs Are Entitled to a Default Judgment Against Defendant Toros Brothers** .. 6

    B.    **Toros Brothers Was Legally Required to Make Contributions to the Funds** ........... 7

    C.    **Toros Brothers Is Liable for the Delinquent Contributions, Interest Thereon, Liquidated Damages, Union Assessments, Late Payment Interest, and Attorneys' Fees and Costs** ................................................................................. 8

        i.    **Contributions, Interest and Liquidated Damages** ........................................... 8

        ii.    **Union Assessments and Late Payment Interest** ............................................. 10

        iii.    **Attorneys' Fees and Costs** ............................................................................... 12

    D.    **Plaintiffs Are Entitled to Post-Judgment Interest at the Statutory Rate** ................. 14

**CONCLUSION** ......................................................................................................................... 14

# TABLE OF AUTHORITIES

## Cases

**Case** — **Page**

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985) .................................................................................................. 7

*Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds v. A.G. Constr. Corp.*,
2013 U.S. Dist. LEXIS 184618 (E.D.N.Y. Dec. 5, 2013) ............................................ 7

*Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds v. A.G. Constr. Corp.*,
2014 U.S. Dist. LEXIS 12365, 2014 WL 354647 (E.D.N.Y. Jan. 31, 2014) ............... 10

*Au Bon Pain Corp. v. Artect, Inc.*,
653 F.2d 61 (2d Cir. 1981) .......................................................................................... 6

*Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ges Bake Shop, Inc.*,
2014 U.S. Dist. LEXIS 39143 (E.D.N.Y. Mar. 6, 2014) ............................................. 13

*Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ges Bake Shop, Inc.*,
2014 U.S. Dist. LEXIS 39143, 2014 WL 1159821 (E.D.N.Y. Mar. 21, 2014) ........... 13

*Bricklayers Ins. & Welfare Fund v. Doran Tatrow Assocs.*,
2016 U.S. Dist. LEXIS 121110 (E.D.N.Y. Sep. 6, 2016) ...................................... 10, 11

*Brown v. C. Volante Corp.*,
194 F.3d 351 (2d Cir. 1999) ....................................................................................... 11

*Crescent Publ'g Group, Inc. v Playboy Enters.*,
246 F.3d 142 (2d Cir. 2001) ....................................................................................... 12

*DeVito v. Hempstead China Shop, Inc.*,
831 F. Supp. 1037 (E.D.N.Y. 1993) ............................................................................ 9

*Empire State Carpenters Welfare, Annuity & Apprenticeship Training Funds v. Conway Constr. of Ithaca Inc.*,
2015 U.S. Dist. LEXIS 122277 (E.D.N.Y. Aug. 11, 2015) ........................................ 13

*Farrell v. Metropolitan Relocations, Inc.*,
1996 WL 19223 (E.D.N.Y. Jan. 11, 1996) ................................................................ 8-9

*Finkel v. INS Elec. Servs. Inc.*,
2008 U.S. Dist. LEXIS 128820 (E.D.N.Y. Mar. 11, 2018) ......................................... 9

*Finkel v. Triple A Grp*,
708 F. Supp. 2d at 290 ............................................................................................ 9, 12

*Gesualdi v. Giacomelli Tile Inc.*,
2010 U.S. Dist. LEXIS 27644 (E.D.N.Y. Mar. 18, 2010) .......................................................... 13

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) .................................................................................................................. 12

*LaBarbera v. Golden Vale Construction Group*,
2007 WL 2071565 (E.D.N.Y. Jul. 17, 2007) ............................................................................... 8

*Lewis v. Whelan*,
99 F.3d 542 (2d Cir. 1996) ........................................................................................................ 14

*Mason Tenders Dist. Council Welfare Fund v. Kafka Constr., Inc.*,
2018 U.S. Dist. LEXIS 78427 (S.D.N.Y. May 8, 2018) .............................................................. 7

*Millea v. Metro-North R. Co.*,
658 F.3d 154 (2d Cir. 2011) ...................................................................................................... 12

*New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*,
657 F. Supp. 2d 410 (S.D.N.Y. 2009) ....................................................................................... 13

*Perdue v. Kenny A. ex rel Winn*,
130 S. Ct. 1662 (2010) .............................................................................................................. 12

*SEC v. One or More Unknown Traders in Common Stock of Certain Issuers*,
2009 U.S. Dist. LEXIS 92128 (E.D.N.Y. Oct. 2, 2009) .............................................................. 6

*Transatlantic Marine Claims Agency Inc. v. Ace Shipping Corp.*,
109 F.3d 105 (2d Cir. 1997) ........................................................................................................ 6

*Trs of the Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund, 401(k) Savings Plan v. Temperini Mechanical Inc.*,
2020 U.S. Dist. LEXIS 6266 (E.D.N.Y. Jan. 13, 2020) ............................................................. 13

*Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds v. Peduto Constr. Corp.*,
2020 U.S. Dist. LEXIS 35626 (E.D.N.Y. Feb. 27, 2020) .................................................... 10, 11

*Trs. of the Pavers v. Regimental Contr., LLC.*,
2023 U.S.Dist. LEXIS 32458 (E.D.N.Y. February 27, 2023) ................................................... 12

*Trustees of Empire State Carpenters Annuity v. J&B Paint & Contr., LLC*,
2013 U.S. Dist. LEXIS 126337 (E.D.N.Y. June 12, 2013) ....................................................... 14

*Trustees v. Rumar Typesetting & Design*,
2006 U.S. Dist. LEXIS 26662 (S.D.N.Y. May 5, 2006) ........................................................... 13

## Statutes and Regulations

**Federal Statutes**

28 U.S.C. § 1961 ............................................................................................................. 14

28 U.S.C. § 1961(a) ........................................................................................................ 14

29 U.S.C. § 185 ............................................................................................. 1, 2, 8, 10, 12

29 U.S.C. § 185(a) ..................................................................................................... 7, 10

29 U.S.C. § 1132(g) ........................................................................................................ 14

29 U.S.C. § 1132(g)(2) ................................................................................. 2, 8, 9, 10, 14

29 U.S.C. § 1145 ................................................................................................ 1, 7, 8, 10

Fed. R. Civ. P. 12(a)(1)(A)(i) ........................................................................................... 5

Fed. R. Civ. P. 55(b)(2) ................................................................................................ 1, 6

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement and Training Fund (collectively, the "Funds"), by and through their undersigned counsel, submit this memorandum of law in support of their motion for a default judgment against Defendant Toros Brothers Construction Corp.

## PRELIMINARY STATEMENT

Plaintiffs are entitled to a default judgment against Defendant Toros Brothers Construction Corp. ("Toros Brothers" or "Defendant") because Defendant failed to timely respond to the Complaint and Plaintiffs have provided evidence to support their requested relief without the need for an in-person inquest.

Specifically, Defendant was signatory to a collective bargaining agreement ("CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 ("Union"). As a signatory to a CBA with the Union, and pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145, Defendant was required to timely submit reports to the Funds detailing the number of hours of work performed by its employees in the trade and geographic jurisdiction of the Union and to timely remit corresponding benefit contributions in accordance with the terms of the CBA. Defendant failed to do so. As of the date of this motion, Defendant has failed to remit benefit contributions to the Funds in the estimated principal amount of $197,666.40, as well as estimated union assessments of $7,822.97, and late payment of interest of $4,684.91.

1

Consequently, under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Section 302 of the LMRA, 29 U.S.C. § 185, the CBA, and the Funds' policy for the collection of delinquent Fringe Benefit Contributions (the "Collection Policy"), which is incorporated by reference into the CBA, Defendant is liable to the Funds for the estimated principal delinquent contributions, union assessments, interest on the estimated delinquent contributions, liquidated damages, and attorneys' fees and costs incurred in collecting said amounts.

As detailed herein, based on the estimation protocol provided for in the Collection Policy and late payment interest report generated by the Funds third-party administrator Zenith American Solutions Inc. ("Zenith"), Defendant owes the Funds the sum of $243,564.38, representing estimated delinquent contributions of $197,666.40, interest thereon of $13,623.46[1], liquidated damages of $19,766.64, union assessments of $7,822.97, and late payment interest of $4,684.91. In the prosecution of this action, the Funds have incurred attorneys' fees and costs of $15,131.38, to which they are also entitled.

Accordingly, the Funds respectfully request that the Court issue a judgment in favor of Plaintiffs and against Defendant Toros Brothers in the amount of at least $258,695.76. The evidence attached to this motion provides the Court with a basis for these damages, rending a formal inquest unnecessary.

## STATEMENT OF FACTS

### A. Toros Brothers' Obligations to the Funds

At all relevant times, Defendant has been bound to a CBA with the Union. *See* Declaration of Adrianna R. Grancio, Esq. ("Grancio Decl."), Ex. L[2] ("Complaint") ¶ 10; Declaration of Keith

---

[1] Calculated through April 12, 2024.
[2] Exhibits A through D are attached to the Declaration of Keith Loscalzo. Exhibits E through I are attached to the Declaration of Joseph Montelle. Exhibits J and K are attached to the Declaration of Philip Wilson. Exhibits L through R are attached to the Declaration of Adrianna R. Grancio, Esq.

2

Loscalzo ("Loscalzo Decl."), ¶¶ 5-13. The CBA in turn binds Defendant to the Funds' Trust Agreements Collection Policy. *See* Complaint ("Compl") ¶¶ 11-13; Loscalzo Decl., ¶ 20; Ex. D., Art. IX, § 1(b); Montelle Decl., ¶ 6; Ex. E. The CBA and Collection Policy require Defendant to submit reports detailing the number of hours of work performed by its employees within the trade and geographic jurisdiction of the Union ("Covered Work"). *See* Compl. ¶ 14; Loscalzo Decl., ¶ 14, Ex. D, Art. IX, §1(b); Montelle Decl., ¶ 7, Ex. F, Art. II (1). The CBA and Collection Policy also require Defendant to remit hourly contributions, at rates specified in the CBA, to the Funds for all Covered Work performed by Toros Brothers' employees. *See* Compl. ¶ 16; Loscalzo Decl., ¶ 14, Ex. D, Art. IX, §1; Montelle Decl., ¶ 8, Ex. F, Art. II (1). Under the CBA, Toros Brothers is also required to submit other contributions administered by the Funds ("union assessments"). *See* Compl. ¶ 13; Loscalzo Decl., ¶ 17; Ex. D, Art. IX, §§ 1, 4. Indeed, the CBA requires Defendant to forward specified dues check-offs and other contributions to the Union (union assessments) for each hour of Covered Work performed by Defendant's employees. Compl. ¶ 15. Reports and contributions are due on or before the thirty-fifth (35th) day after the month in which the hours were worked. Compl. ¶¶ 16-17; Loscalzo Decl., ¶¶ 15-16; Ex. D, Art. IX § 1(b)-(c); Montelle Decl., ¶ 8; Ex. F, Art. II (1).

Under the Collection Policy, if an employer, is two or more months delinquent in submitting reports detailing the number of hours of Covered Work performed by its employees, the Funds may estimate the contribution delinquency of said employer in accordance with the estimation formula set forth in the Collection Policy, and which may be used for the purposes of any lawsuit. Compl. ¶ 18; Montelle Decl., ¶ 10, Ex. F, Art. IV (9). Lastly, per the CBA and Collection Policy, where an employer, like Toros Brothers, does not timely remit its contributions to the Funds, then the Funds are entitled to payment of the unpaid contributions and union

3

assessments, interest on the delinquent contributions at a rate of ten percent (10%) *per annum*, liquidated damages in the amount of ten percent (10%) *per annum* of the unpaid contributions, and the Funds' attorneys' fees and costs incurred in obtaining these amounts from the delinquent employer. Compl. ¶ 19; Loscalzo Decl., ¶ 21; Ex. D, Art. IX, § 5; Montelle Decl., ¶ 11; Ex. F, Art. II (5).

### B. Toros Brothers' Delinquency Owed to the Funds

Plaintiffs engage the services of a third-party administrator, Zenith, to monitor the payment of benefit contributions and union assessments by signatory employers such as Toros Brothers. *See* Declaration of Philip Wilson ("Wilson Decl.") ¶ 6. In this capacity, Zenith monitors contribution payments made by employers and reconciles the payments against the remittance reports detailing the number of hours of Covered Work performed by a signatory's employees. Wilson Decl., ¶ 7.

Zenith also monitors the months for which employers fail to submit reports detailing the number of hours of Covered Work performed by its employees. Wilson Decl., ¶ 8. In the course of monitoring Defendant's submissions to the Funds, Zenith determined that Toros Brothers failed to submit reports detailing the number of hours of Covered Work performed by its employees for the period January 2023 through November 2023. Compl. ¶ 24; Wilson Decl., ¶ 9; Ex. J. Accordingly, pursuant to the Collection Policy, the Funds estimated the amount of delinquent contributions due by using reports submitted and paid for the last three (3) months for which payments were submitted. *See* Montelle Decl., ¶¶ 12-31. Using this estimation protocol, the Funds estimate that Toros Brothers owes the Funds contributions of $197,666.40 and union assessments of $7,822.97 for the period January 2023 through November 2023. *Id.* at ¶¶ 28, 30; Ex. H.

Lastly, Zenith also monitors late payment interest that accrues due to benefit contributions being paid beyond the due date set forth in the CBA and Collection Policy. Wilson Decl., ¶ 10. To

this end, Zenith determined that Defendant remitted contributions for the periods November 2021 and April 2022 through December 2022, beyond their respective due dates as set forth in the CBAs and Collection Policy, resulting in the accumulation of late payment interest in the amount of $4,684.91. *See* Compl. ¶ 25; Wilson Decl., ¶ 18; Ex. K.

In sum, based on the reports generated by Zenith and the Funds internal estimation, Defendant owes the Funds contributions in the principal amount of $197,666.40, plus interest thereon of $13,623.46, liquidated damages of $19,766.64, union assessments of $7,822.97, late payment interest of $4,684.91, and attorneys' fees and costs.

### C. The Funds' Instant Action Against Defendant Toros Brothers

Plaintiffs commenced this action against Defendant on January 25, 2024. *See* Grancio Decl., ¶ 4; Ex. L. On January 29, 2024, Plaintiffs properly served the Summons and Complaint upon Defendant by serving Nancy Dougherty, a person within the Corporation Division of the New York Department of State, authorized to accept service on behalf of Defendant. *Id.* at ¶ 5; Ex. M. On January 30, 2024, Plaintiffs also provided Defendant with a copy of the Summons, Complaint, and Litigation Hold Notice via both certified mail and electronic mail. Grancio Decl., ¶ 6; Ex. N.

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant was required to file an answer or otherwise move with respect to the Complaint no later than February 19, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendant has failed to do so. *See* Grancio Decl., ¶¶ 7, 10. Accordingly, the Court issued a certificate of default on March 1, 2024. Grancio Decl., ¶ 9; Ex. O.

## ARGUMENT

The Funds are entitled to a default judgment against Defendant in the amount of at least $258,695.76 because Defendant failed to defend this action. The Funds' Complaint, together with

5

the evidence attached to this motion, establishes damages that the Funds seek in this case, enabling the Court to award damages without a formal inquest hearing.

### A. Plaintiffs Are Entitled to a Default Judgment Against Defendant Toros Brothers

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, if a defendant fails to plead or otherwise defend an action, then the plaintiff may apply to the court for a default judgment. Fed. R. Civ. Pro. 55(b)(2). When reviewing a motion for default judgment, the court "accept[s] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Therefore, the default of Defendant "constitutes an admission of the well-pleaded factual allegations in the complaint". *SEC v. One or More Unknown Traders in Common Stock of Certain Issuers*, 08-CV-1402(KAM)(JMA), 2009 U.S. Dist. LEXIS 92128 at *7 (E.D.N.Y. Oct. 2, 2009). "Moreover, damages inquest by exhibit and affidavits, without an in-person hearing, may be conducted as long as the court can ensure 'a basis for the damages specified in the default judgment." *SEC v. One or More Unknown Traders in Common Stock of Certain Issuers,* U.S. Dist. LEXIS 92128 at * 7 (*quoting Transatlantic Marine Claims Agency Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)).

In this case, Defendant failed to defend this action or file an answer. *See* Grancio Decl., ¶¶ 7, 10. As such, the Clerk of the Court entered a Certificate of Default in this action certifying that the Defendant had been properly served and that no answer had been filed. *Id*. at ¶ 9; Ex. O. Therefore, under Rule 55(b)(2) of the Federal Rules of Civil Procedure and the above-cited case law, if the Court, based on the Complaint's factual allegations, take as true, and on the "exhibits and affidavits" attached hereto, "can ensure 'a basis for the damages specified in the default judgment'", then the Court should award the Funds a default judgment against Defendant in the amount of at least $258,695.76. *SEC*, U.S. Dist. LEXIS 92128, at *7.

6

## B. Toros Brothers Was Legally Required to Make Contributions to the Funds

Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

Section 301 of the LMRA permits lawsuits for "violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act…in any district of the United States having jurisdiction over the parties." 29 U.S.C. § 185(a). Likewise, under section 301 of the LMRA, an employer may be held liable for failing to pay contributions as required by a collective bargaining agreement. *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds v. A.G. Constr. Corp.,* 2013 U.S. Dist. LEXIS 184618, at *7-8 (E.D.N.Y. Dec. 5, 2013). Section 301 of the LMRA is a "congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Mason Tenders Dist. Council Welfare Fund v. Kafka Constr., Inc. 16 CV 9911*, 2018 U.S. Dist. LEXIS 78427, *11 (S.D.N.Y. May 8, 2018) (*quoting Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 209 (1985)). Based on that mandate, Courts apply common law principles of contract to enforce CBAs and union-affiliated trust fund documents, like the Collection Policy. *See e.g., Kafka Constr. Inc.,* 2018 U.S. Dist. LEXIS 78427, *8-15 (awarding multi-employer employee benefit funds the categories of relief articulated in the contract between the union and the employer pursuant to the LMRA).

In this case, as articulated above, Defendant was bound to a CBA with the Union and to the Funds' Collection Policy, both of which required Defendant to remit reports detailing the number of hours of Covered Work performed by its employees, as well as corresponding benefit

7

contributions to the Funds. Compl. ¶ 23; Loscalzo Decl., ¶¶ 5-13; Montelle Decl., ¶¶ 5-7. Under the CBA, the Funds act as collection agents in connection with all Covered Work. *See* Compl. ¶ 14. The CBA also requires Defendant to submit union assessments to the Funds for each hour of Covered Work performed by Defendant's employees. *See* Compl. ¶¶ 23-24; Loscalzo Decl., ¶¶ 16-18. The CBA designates the Funds as the collection agent of the Union with respect to unions assessments. *See* Compl. ¶¶ 14-15; Loscalzo Decl., ¶¶ 16-18. Defendant, as revealed by the reports generated by the Funds' third-party administrator, Zenith, and the Funds' estimation protocol, breached its obligation to report all hours of Covered Work performed by its employees and to remit benefit contributions as wells as union assessments to the Funds, as required under the CBA, Collection Policy, ERISA, and the LMRA. *See* Compl. *generally;* Montelle Decl., ¶¶ 12-18; Wilson Decl. *generally*.

Consequently, by breaching its obligations, Defendant violated Section 515 of ERISA, 29 U.S.C. § 1145, and has subjected itself to the Court's jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185, enabling this Court to enforce the terms of the CBA and the Funds' Collection Policy against Defendant.

### C. Toros Brothers Is Liable for the Delinquent Contributions, Interest Thereon, Liquidated Damages, Union Assessments, Late Payment Interest, and Attorneys' Fees and Costs

#### i. Contributions, Interest and Liquidated Damages

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions, plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, plus the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action. *See*, *e.g.*, *LaBarbera v. Golden Vale Construction Group*, 2007 WL 2071565, at *3-*5 (E.D.N.Y. Jul. 17, 2007); *Farrell v. Metropolitan Relocations,*

8

*Inc.*, 1996 WL 19223 (E.D.N.Y. Jan. 11, 1996); *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037 (E.D.N.Y. 1993). "Upon a finding that defendants have been delinquent in paying contributions, liability for attorneys' fees under 29 U.S.C. 1132(g)(2) is mandatory." *Finkel v. Triple A Grp,* 708 F. Supp. 2d at 290.

Similarly, under Section 301 of the LMRA, court routinely enforce the categories of relief identified in the CBA and in the Collection Policy, including provisions requiring payment of unpaid contributions, interest, liquidated damages, and attorneys' fees and costs to all recipients identified in the CBA, including multiemployer funds, like the Plaintiffs. *Finkel v. INS Elec. Servs. Inc.,* 2008 U.S. Dist. LEXIS 128820, *9-23 (E.D.N.Y. Mar. 11, 2018) (awarding the plaintiff funds unpaid contributions, pre-judgment interest, liquidated damages, attorneys' fees and costs under the LMRA).

Here, under ERISA and under the CBA, and Collection Policy, which are enforced through the LMRA, Defendant was required to remit benefit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union, lest they be liable for the unpaid contributions, interest thereon at the annual rate of ten percent (10%), liquidated damages equal to ten percent (10%) of the unpaid contributions, audit costs, and the Funds attorneys' fees and costs. Compl. ¶¶ 19, 21; Loscalzo Decl., ¶ 21; Montelle Decl., ¶ 11.

As detailed in the Statement of Facts, Section B, *supra,* Defendant failed to submit reports to the Funds detailing the number of hours of Covered Work performed by its employees for two or more months. As a result, the Funds utilized the estimation protocol provided in the Collection Policy to determine Defendant's delinquency for the period January through November 2023. Using the estimation protocol, the Funds determined that Defendant owes contributions totaling $197,666.40 for January 2023 through November 2023. *See* Montelle Decl., ¶¶ 12-31; Ex. H.

9

Therefore, there is no dispute that based on Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145, section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and Collection Policy, Defendant is liable to the Funds for contributions totaling $197,666.40, plus interest to thereon in the amount of $13,623.46[3], and liquidated damages of $19,766.64. *See* Montelle Decl., ¶¶ 31, 34-37, Ex. H.

### ii. Union Assessments and Late Payment Interest

As discussed in Argument, Section B, *supra*, Section 301(a) of the LMRA authorizes the Court to enforce the obligations imposed by the applicable collective bargaining agreement. *See* 29 U.S.C. 185(a); *Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds v. Peduto Constr. Corp.*, 2020 U.S. Dist. LEXIS 35626, at *7 (E.D.N.Y. Feb. 27, 2020). "Under section 301, 'an employer may be held liable for failing to remit dues withheld from employee paychecks to the union as required by a collective bargaining agreement.'" *See Bricklayers Ins. & Welfare Fund v. Doran Tatrow Assocs.*, 2016 U.S. Dist. LEXIS 121110, at *7 (E.D.N.Y. Sep. 6, 2016). Section 301 also allows for the recovery of interest associated with the late payment of contributions in violation of the terms of a collective bargaining agreement. *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds v. A.G. Constr. Corp.*, 2014 U.S. Dist. LEXIS 12365, 2014 WL 354647, at *4 (E.D.N.Y. Jan. 31, 2014) (adopting report and recommendation) ("An award of damages is also available under LMRA for those contributions not covered by ERISA but unpaid or paid late in violation of a collective bargaining agreement . . . or other contract"). Enforcement of the collective bargaining agreement also extends to enforcement of the documents incorporated by reference therein, such as the Funds' Collection Policy. 29 U.S.C. § 185.

---

[3] Calculated through April 12, 2024.

10

Here, the CBA requires that Defendant forward union assessments to the Union for each hour of Covered Work performed by Defendant's employees of which the Funds act as the collection agent. Compl. ¶¶ 14-16; Loscalzo Decl., ¶¶ 17-19. As detailed in the Statement of Facts, Section B, *supra,* Defendant failed to submit reports to the Funds detailing the number of hours of Covered Work performed by its employees for two or more months. As a result, the Funds utilized the estimation protocol provided in the Collection Policy to determine Defendant's delinquency for the period January through November 2023. Pursuant to the estimation protocol provided for in the Collection Policy, the Funds determined that Defendant failed to remit union assessments of $7,822.97 for the period of January through November 2023. Compl. ¶ 24; Wilson Decl., ¶ 9; Ex. J.

Moreover, Defendant remitted contributions to the Funds for November 2021 and April 2022 through December 2022 beyond their respective deadlines set forth in CBA and Collection Policy, thereby incurring late payment interest of $4,684.91. Compl. ¶ 25; Wilson Decl., ¶ 18 Ex. K.

Accordingly, pursuant to the CBA and Collection Policy which are enforced through the LMRA, there is no dispute that Defendant is liable to the Funds for union assessments totaling $7,822.97 and late payment interest of $4,684.91. *Id.; Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds v. Peduto Constr. Corp.*, 2020 U.S. Dist. LEXIS 35626, at *7 (E.D.N.Y. Feb. 27, 2020); *Bricklayers Ins. & Welfare Fund v. Doran Tatrow Assocs.*, 2016 U.S. Dist. LEXIS 121110, at *7 (E.D.N.Y. Sep. 6, 2016) (holding defendant violated the LMRA where defendant failed to forward dues to the union in contravention of its collective bargaining agreement with the union); *Brown v. C. Volante Corp.,* 194 F.3d 351, 354 (2d Cir. 1999) (holding that employee benefit plans are permitted

11

to bring suit under Section 301 of the LMRA to interest); *Trs. of the Pavers v. Regimental Contr., LLC.,* 2023 U.S.Dist. LEXIS 32458, at *7, *12 (E.D.N.Y. February 27, 2023) (granting Plaintiffs' motion for default pursuant to the LMRA and awarding, *inter alia*, late payment interest).

### iii. Attorneys' Fees and Costs

As discussed above, Section 502(g)(2) of ERISA provides the Funds with mandatory relief in the event that the Court awards the Funds payment of the delinquent contributions at issue, which includes *inter alia* reasonable attorneys' fees and costs involved in obtaining the award. *See Triple A Grp*, 708 F. Supp. 2d. Section 301 of the LMRA allows Courts to enforce the terms of a collective bargaining agreement, including the Collection Policy incorporated therein, which includes *inter alia* provisions for the payment of the Funds' attorneys' fees and costs incurred in collecting delinquent contributions. 29 U.S.C. § 185; Compl. ¶¶ 20-21; Loscalzo Decl., ¶ 21; Montelle Decl., ¶ 12. Moreover, as detailed below, the Funds' attorneys' fees and costs incurred in this matter are reasonable. Accordingly, the Funds are entitled to their attorneys' fees and costs incurred in connection with this action in the amount of $15,131.38.

The Funds' requested attorneys' fees and costs are reasonable. Courts recognize that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). It is well-established that "the lodestar- the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee." *Millea v. Metro-North R. Co.* 658 F.3d 154,166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel Winn,* 130 S. Ct. 1662 (2010)). The Second Circuit has explained that "[t]he actual billing arrangement certainly provides strong indication of what private parties believe the 'reasonable' fee to be awarded.: *Crescent Publ'g Group, Inc. v Playboy Enters.,* 246 F.3d 142, 151 (2d Cir. 2001).

12

In this case, the Funds incurred fees for attorney services at a rate of $333 per hour for partners and associates and legal assistants at a rate of $132 per hour. *See* Grancio Decl., ¶¶ 12-14. These rates were negotiated with the Boards of Trustees of the Funds consisting of members with significant business and negotiation experience and, as such, should be viewed as rates that a reasonable client would pay. Moreover, these rates are within the reasonable range for attorneys in ERISA actions within the Southern and Eastern Districts of New York. *See e.g. Empire State Carpenters Welfare, Annuity & Apprenticeship Training Funds v. Conway Constr. of Ithaca Inc.*, No. 07-cv-2259(DRH)(SIL), 2015 U.S. Dist. LEXIS 122277, at *57 (E.D.N.Y. Aug. 11, 2015) (approving rates of $250-$300 for V&A's senior associates, $225 for its junior associates, and $100 for its legal assistants); *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ges Bake Shop, Inc.*, 2014 U.S. Dist. LEXIS 39143 at *26 (E.D.N.Y. Mar. 6, 2014) (approving rates of $275 per hour for associates); *Gesualdi v. Giacomelli Tile Inc.*, 2010 U.S. Dist. LEXIS 27644 at *8 (E.D.N.Y. Mar. 18, 2010) ("[T]he range of appropriate billing rates is $200-$350 per hour for partners and $100-$295 per hour for associates."); *New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (granting summary judgment in ERISA failure to pay fringe benefit case and awarding $425 per hour for partners, $300 per hour for associates and $150 per hour for paralegals). As Plaintiffs' attorneys and their assistants spent a total of 46.8[4] hours on this case, Plaintiffs should be awarded $14,639.70 in attorneys' fees. *See* Grancio Decl., ¶ 16 Ex. P.

---

[4] This is within the range of hours which courts in this circuit have found to be reasonable in ERISA default cases. *See, e.g., Trustees v. Rumar Typesetting & Design*, 2006 U.S. Dist. LEXIS 26662, at *7 (S.D.N.Y. May 5, 2006) (awarding fees for 40 hours expended); *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ges Bake Shop, Inc.*, 2014 U.S. Dist. LEXIS 39143, 2014 WL 1159821, at *10 (E.D.N.Y. Mar. 21, 2014) (finding 31.2 hours of work reasonable in a "relatively straightforward" ERISA default case); *Trs of the Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund, 401(k) Savings Plan v. Temperini Mechanical Inc.*, 2020 U.S. Dist. LEXIS 6266 at *6 (E.D.N.Y. Jan. 13, 2020) (finding 68.5 hours reasonable in an ERISA default action handled by plaintiffs' counsel).

13

Plaintiffs have also requested a reasonable amount of costs in this action. Plaintiffs have incurred $491.68 in costs arising from the service fee, research fees, filing fees, and postage, all of which are among the types of reasonable costs that are compensable under ERISA § 502(g), 29 U.S.C. § 1132(g). *See* Grancio Decl. ¶ 18; Ex. Q; *see Trustees of Empire State Carpenters Annuity v. J&B Paint & Contr., LLC*, 2013 U.S. Dist. LEXIS 126337 at * 7 (E.D.N.Y. June 12, 2013) (holding that court fees, service of process fees, postage fees, transportation costs were all recoverable under 29 U.S.C. § 1132(g)(2)).

### D. **Plaintiffs Are Entitled to Post-Judgment Interest at the Statutory Rate**

Under 28 U.S.C. § 1961, Plaintiffs are entitled to post-judgment interest on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). As recognized by the Second Circuit, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan,* 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). Accordingly, Plaintiffs also request that the Court award Plaintiffs post-judgment interest in accordance with 28 U.S.C. § 1961's provisions.

### **CONCLUSION**

For the foregoing reasons, the Funds respectfully request that the Court grant this motion and issue an order for default judgment against Toros Brothers in the amount of at least $258,695.76, consisting of:

- a. Estimated delinquent contributions of $197,666.40, and estimated delinquent union assessments of $7,822.97 for the period of January 2023 through November 2023, interest thereon of at the annual rate of ten percent (10%) for a total of $13,623.46, and liquidated damages in the amount of ten percent (10%) of the delinquent contributions for a total of $19,766.64;

14

b.  Late payment interest of $4,684.91, for the period of November 2021 and April 2022 through December 2022;

c.  Additional interest on the estimated delinquent contributions for the period January 2023 through November 2023, calculated at the rate set forth in the CBA and Collection Policy from April 13, 2024 through the date of judgment;

d.  Attorneys' fees and expenses of $15,131.38;

e.  Post-judgment interest calculated at the statutory rate; and

f.  Any other relief the Court finds just and proper.

Dated: New York, New York  
May 6, 2024

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:  */s/ Adrianna R. Grancio*  
Adrianna R. Grancio, Esq.  
40 Broad Street, 7th Floor  
New York, New York 10004  
(212) 943-9080  
agrancio@vandallp.com  
*Attorneys for Plaintiffs*

15